IN THE CIRCUIT COURT FOR HOWARD COUNTY
MARYLAND

Denis A. O'Connell          *
8006 Brightlight Place      *
Ellicott City, MD 21043     *
                            *
and                         *
                            *
Shannon O'Connell           *
8006 Brightlight Place      *
Ellicott City, MD 21043     *
       Plaintiffs           *
                            *
vs.                         *
                            *
JP Morgan Chase Bank NA     *
270 Park Ave., 35th Floor   *
New York, NY 10017          *
                            *
SERVE                       *
The Corporation Trust Inc.  *
351 W. Camden Street        *
Baltimore, MD 21201         *
                            *
and                         *
                            *
Chase Home Finance, LLC     *
PO Box 78420                *
Phoenix, AZ 85062           *
                            *
SERVE                       *
The Corporation Trust Inc.  *
351 W. Camden Street        *
Baltimore, MD 21201         *
       Defendants           *

<u>COMPLAINT</u>

Comes now the Plaintiffs, Denis O'Connell and Shannon O'Connell by and through their attorney, Richard Basile and as and for their Complaint against J.P. Morgan Chase Bank, NA and Chase Home Finance, LLC, Defendants state:

1. That the Plaintiffs are residents of Howard County, Maryland.

1

2. That the Defendants, J.P. Morgan Chase Bank, NA and Chase Home Finance, LLC regularly conducts business in Howard County, Maryland, including the making and servicing of home mortgage loans.

3. That the loan which is the subject of this complaint was made and serviced in Howard County Maryland and is secured by real property located in Howard County, Maryland.

4. That at all times herein Chase Home Finance, LLC acted as the servicing agent for J.P. Morgan Chase Bank, NA and conducted all of its activities within the scope of its employment and agency for J.P. Morgan Chase Bank, NA and all of the actions of Chase Home Finance, LLC as set forth herein were executed within the scope of its agency for and employment by J.P. Morgan Chase Bank, NA and at the direction and request of JP Morgan Chase Bank, NA and on behalf of JP Morgan Chase Bank, NA.

5. That on or about November 30, 2007, Plaintiffs borrowed money from Defendant J.P. Morgan Chase Bank, NA in order to purchase the real property located at 8006 Brightlight Place, Ellicott City, Maryland. Plaintiffs executed a promissory note and deed of trust prepared by J.P. Morgan Chase Bank, NA and pledged 8006 Brightlight Place, Ellicott City as security for repayment of said promissory note and deed of trust. Said promissory note and deed of trust are attached hereto, marked Exhibits A and B respectively and are incorporated herein as if fully set forth herein.

6. That the aforesaid promissory note and deed of trust constituted a contractual agreement between Plaintiffs and Defendants pursuant to which Plaintiffs would pay monthly payments to Defendants and Defendants would receive and correctly apply, handle and account for said payments including the proper escrow of monies for taxes and insurance.

7. That, further, Defendants owed a fiduciary duty to Plaintiffs to properly receive and correctly apply, handle and account for Plaintiffs monthly note payments.

8. On or about January 2009, Plaintiffs paid the sum of $1,800.00 to Chase Home Finance, LLC as and for their January 2009 monthly note payment.

9. That the Defendants received said check and the funds upon which said check was based. Defendants refused and failed to credit said funds and informed Plaintiffs that said funds or check were in fact not received or cashed by Defendants.

10. That, based upon Defendants' representations and actions as aforesaid, Plaintiffs paid additional monies in order to bring their account current.

11. That, notwithstanding Defendant's representations that they did not receive or cash Plaintiffs' funds or check, the Defendants did in fact receive and cash Defendants' payment and accepted a duplicate payment from Plaintiffs which it received and cashed. The Plaintiffs had repeatedly asked for an accounting of monies received by Defendants and an accounting as to the application of said funds and Defendants have repeatedly refused to render a full and complete accounting.

12. That notwithstanding Defendants' aforesaid actions, Defendants continued to improperly assess late charges against Plaintiffs and report Plaintiffs to one or more credit agencies as being delinquent in their payments.

## COUNT I
### (Conversion)

13. The Plaintiffs incorporate the allegations contained in paragraphs 1 through 12 as if fully set forth herein.

14. That the Defendants have knowingly, willfully, intentionally and without the consent of the Plaintiff, converted, interfered with and misappropriated to their own use the funds due and owing to Plaintiffs.

15. That, as a result of Defendants' conversion of Plaintiffs' monies, Plaintiffs have suffered the loss of said monies.

Wherefore, Plaintiffs demand judgment against Defendants in a sum found to be due and owing by the Court and the Plaintiffs demand an accounting as to all monies realized from the transactions referenced herein.

## COUNT II
### (Breach of Fiduciary Duty)

16. The allegations contained in paragraphs 1 through 15 are incorporated herein as if fully set forth herein.

17. That the Defendants, pursuant to the note and deed of trust referenced herein, and pursuant to their collection of note payments as well as their collection of tax and insurance escrows, owed a duty to Plaintiffs to properly collect, receive, apply, credit, account for and disburse all payments made by Plaintiffs to Defendants.

18. That, notwithstanding their fiduciary duties as set forth herein, the Defendants breached their fiduciary duties by failing and refusing to properly collect, receive, apply, credit and account for and disburse all payments made by Plaintiffs to Defendants.

19. That, as a result of Defendants' breach of their fiduciary duties to Plaintiffs, Plaintiffs have suffered the loss of monies due, owing and belonging to Plaintiffs.

Wherefore, Plaintiffs demand judgment against Defendants jointly and severally for an accounting and for all monies due and owing as determined by the Court.

## COUNT III
### (Breach of Contract)

20. The allegations contained in paragraphs 1 through 19 are incorporated herein as if fully set forth herein.

21. That, pursuant to the note and deed of trust referenced herein, the Defendants were obligated to properly and correctly collect, receive, apply, credit, account for and disburse all monies paid to them by the Plaintiffs.

22. That the Defendants breached their contract with Plaintiffs by failing and refusing to properly and correctly collect, receive, apply, credit, account for and disburse all monies paid to them by the Plaintiffs.

4

23. That, as a result of Defendants' breach of their contract with Plaintiffs, Plaintiffs have suffered the loss of monies incorrectly and improperly collected by Defendants.

Wherefore, Plaintiffs demand judgment against Defendants jointly and severally in the sum of Three Thousand Dollars.

## COUNT IV
### (Deceit)

24. The allegations contained in paragraphs 1 through 23 are incorporated herein as if fully set forth herein.

25. That the Defendants' representations to Plaintiffs as set forth in paragraphs 8 and 10 herein were false and Defendants made said representations knowing of the falsity of the representations or with reckless indifference to the truth of said representations.

26. That said false representations were made by Defendants intending that Plaintiffs would act in reliance upon the false representations.

27. That Plaintiffs did in fact rely upon Defendants' false representations and said reliance was justified.

28. That as a result of Plaintiffs' reliance on Defendants' false representations, Plaintiffs suffered damages in that they lost monies by reason of the fact that they paid to Defendants monies which were not due and owing and which they were not obligated to pay to Defendants.

Wherefore, Plaintiffs demand judgment against Defendants jointly and severally in the sum of Three Thousand Dollars compensatory damages and Fifty Thousand Dollars punitive damages.

## COUNT V
### (Negligent Misrepresentation)

29. The allegations contained in paragraphs 1 through 28 are incorporated herein as if fully set forth herein.

30. That the Defendants' misrepresentations to Plaintiffs as set forth herein in paragraphs 8 and 10 were false and said misrepresentations were

negligently made and as a result of Defendants' negligence including but not limited to their failure to properly and correctly collect, receive. apply. credit. account for and disburse monies paid to them by the Plaintiffs.

31. That Plaintiffs relied upon Defendants' negligent misrepresentations and said reliance was justified.

32. That, as a result of Plaintiffs' reliance on Defendants' negligent misrepresentations, Plaintiffs suffered damages in that they lost monies by reason of the fact that they paid the Defendants monies which were not due and owing and which they were not obligated to pay to Defendants.

Wherefore, Plaintiffs demand judgment against Defendants jointly and severally in the sum of Three Thousand Dollars.

## COUNT VI
### (Fair Debt Collection Practices Act)

33. The allegations contained in paragraphs 1 through 32 are incorporated herein as if fully set forth herein.

34. The continuing representations and continuing actions of Defendants, including the false statements which they made to one or more credit bureaus, were made in bad faith, were unconscionable and were an unfair practice.

35. Defendants made false, deceptive and misleading representations to one or more credit bureaus when they misrepresented that Plaintiffs were delinquent in their mortgage payments.

36. Plaintiffs repeatedly notified Defendants that they were current in their mortgage payments and that Defendants' records and misrepresentations were inaccurate.   Notwithstanding Plaintiffs' notifications, Defendants deliberately ignored said notifications and continued to falsely report Plaintiffs' credit and payment status.

37. As a result of Defendants' actions, Plaintiffs have had their credit record destroyed and incurred attorney's fees to attempt to remedy the effects of the false, fraudulent, malicious and negligent actions of Defendants.

6

38. As a direct and proximate result of Defendants' illegal collection and reporting tactics and harassing behavior. Plaintiffs have sustained actual damages in the form of expenses in attempting to correct Defendants' misguided and illegal reporting and collection activities, extreme stress, fear, confusion, anger, humiliation and embarrassment.

39. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA including but not limited to the provisions of 15 U.S.C §1692 et seq.

40. As a result of each of Defendants' violations of the FDCPA, Plaintiffs have suffered out of pocket expenses and actual damages and are therefore entitled to actual damages pursuant to 15 U.S.C §1692 k(a)(1); statutory damages in an amount up to $1,000.00 for each violation by each Defendant pursuant to 15 U.S.C §1692 (a)(2)(A) punitive damages and reasonable attorney's fees and costs.

<u>COUNT VII</u>
(Maryland Consumer Debt Collection Act)

41. The allegations contained in paragraphs 1 thorough 40 are incorporated herein as if fully set forth herein.

42. Maryland's Consumer Debt collection Act, Md. Code Ann., Comm. Law §14-201 et seq. ("MCDCA"), states that a "collector" while collecting or attempting to collect a debt may not:

1. Disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false, §14-202(3);

2. Disclose or threaten to disclose to a person other than the debtor or his spouse or, if the debtor is a minor, his parent, information which affects the debtor's reputation, whether or not for credit worthiness, with knowledge that the other person does not have a legitimate business need for the information, §14-202(5); and

7

3. Claim, attempt, or threaten to enforce a right with knowledge that the right does not exist. §14-202(8).

43. As a "collector" and "person" under the MCDCA. §14-201(b) and (d). Defendants and its agents and employees are prohibited from performing or failing to perform any action described above and from abusing or harassing Plaintiffs while collecting or attempting to collect and alleged debt.

44. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the MCDCA, including but not limited to each of the above-cited provisions of the MCDCA, §14-202.

45. As a result of Defendants' harassing and abusive debt collection practices in violation of the MCDCA, Defendants have caused Plaintiffs severe emotional distress and mental anguish, including but not limited to severe stress, many sleepless nights, a feeling of hopelessness and headaches.

Wherefore, Plaintiff prays that judgment be entered against each and every Defendant:

1. For an order declaring that the Defendant's actions as described above are in violation of the FDCPA and MCDCA:

2. For  an award of actual, compensatory damages and punitive damages pursuant to 15 U.S.C §1692k against Defendants, including an award for emotional distress and mental anguish in the amount of $125,000.00;

3. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C § 1692k against Defendants.

4. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C §1692k against Defendants

5. For an award of actual and compensatory damages, including an award for emotional distress and mental anguish pursuant to MCDCA, §14-203 in the amount of $125,000.00 against each and every Defendant;

6. For an award of reasonable attorney's fees and costs of litigation pursuant to Maryland's Consumer Protection Act, Md. Code Ann., Comm. Law §13-408 (see 13-301(14)(iii)) against each and every Defendant;

7. Award pre and post judgment interest; and

8. Award such other relief this Court deems just and equitable.

Respectfully submitted,

Richard Basile
6305 Ivy Lane, Suite 416
Greenbelt, MD  20770
301-441-4900